154 N.J. Super. 164 (1977)
381 A.2d 53
LEWIS J. WEINSTEIN AND DORIS M. WEINSTEIN, PLAINTIFFS-RESPONDENTS AND CROSS-APPELLANTS,
v.
INVESTORS SAVINGS AND LOAN ASSOCIATION, DEFENDANT-APPELLANT AND CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 1, 1977.
Decided November 16, 1977.
*165 Before Judges HALPERN, LARNER and KING.
Mr. Vincent D. Manahan, III, argued the cause for appellant and cross-respondent (Messrs. Herrigel, Bolan & Manahan, attorneys; Mr. Rodger K. Herrigel and Mr. Manahan, III, on the brief).
Mr. Lewis J. Weinstein argued the cause for respondents and cross-appellants.
The opinion of the court was delivered by HALPERN, P.J.A.D.
The narrow issue on this appeal is whether an amendment to N.J.S.A. 46:10B-2, which limits the amount that a lending institution may charge for prepayment *166 of a mortgage, applies to mortgage agreements entered into prior to the effective date of the amendment.
On March 15, 1973 plaintiffs executed a bond and mortgage to defendant for $63,700, to be paid over a term of 30 years at 7 1/2% interest. At that time N.J.S.A. 46:10B-2 prohibited mortgage prepayment fees in excess of 3% of the face amount if paid within the first year, 2% if prepaid within the second and third years, and 1% if prepaid during the fourth and fifth years. The bond executed by the parties set forth a prepayment schedule in conformance with the statute.
Effective December 6, 1973, N.J.S.A. 46:10B-2 was amended to reduce the maximum prepayment fees allowable to not more than 3% of the balance due the first year, 2% during the second year and 1% during the third year. In 1975, during the third year of the mortgage, plaintiffs sold their home and prepaid the mortgage. Defendant demanded the 2% prepayment fee allowed in the bond. Plaintiffs contended that defendant could collect only a 1% prepayment fee. Nonetheless, plaintiffs paid the 2% demanded by defendant.
Plaintiffs then brought suit for the return of the entire prepayment fee. They alleged that defendants had knowingly demanded and received a prepayment fee in excess of that allowed by statute, and therefore plaintiffs were entitled to the return of the entire prepayment fee by virtue of N.J.S.A. 46:10B-5.[1] Following cross-motions for summary judgment, the court held that plaintiffs were entitled to a return of 1% of the prepayment fee, but that defendant could keep the other 1% because, in the court's view, N.J. *167 S.A. 46:10B-5 did not apply to this transaction. Defendant appealed the judgment entered in favor of plaintiffs, and plaintiffs cross-appealed from the judge's refusal to order the return of the entire prepayment fee.
As indicated, the issue is whether the judge erred in holding the 1973 amendment to N.J.S.A. 46:10B-2 applicable to a mortgage executed prior to its effective date. Retrospective legislation operates on transactions which have occurred, or rights and obligations which existed, before passage of the act. 2 Sutherland, Statutory Construction (4 ed. Sands, 1973), § 41.01 at 245. In holding the statute applicable to a prior transaction, the judge applied the 1973 amendment retrospectively.
A fundamental tenet of statutory construction is that statutes ought not to apply retrospectively unless they are so clear, strong and imperative that no other meaning can be ascribed to them, or unless the Legislature clearly intended a retrospective application. Skulski v. Nolan, 68 N.J. 179, 202 (1975); Kopczynski v. Camden Cty., 2 N.J. 419, 424 (1949); 2 Sutherland, op. cit., § 41.04 at 252. Sutherland states the rule thusly:
It is a fundamental principle of jurisprudence that retroactive application of new laws involves a high risk of being unfair. There is general consensus among all people that notice or warning of the rules that are to be applied to determine their affairs should be given in advance of the actions whose effects are to be judged by them. The hackneyed maxim that everyone is held to know the law, itself a principle of dubious wisdom, nevertheless presupposes that the law is at least susceptible of being known. But this is not possible as to law which has not been made. [Id., § 41.02 at 247]
Here the record is barren of any indication that the Legislature intended N.J.S.A. 46:10B-1 et seq., or the amendment thereto, to have a retrospective application. The original statute limiting prepayment fees was enacted in 1968. N.J.S.A. 46:10B-1 et seq. Prior to this legislation a mortgagor had no absolute right to prepay a mortgage. See Bloomfield Sav. Bank v. Howard S. Stainton and Co., 60 N.J. Super. 524 (App. Div. 1960).
*168 The 1968 act was introduced as Senate Bill 731. It was a companion to Senate Bill 732, which allowed an increase in mortgage interest rates. N.J.S.A. 31:1-1. A statement by Governor Hughes accompanying the legislation makes it clear that the enactments were part of a package. The primary purpose of the legislation was to increase the availability of residential mortgages. Nowhere in the Governor's statement is there the slightest indication that N.J.S.A. 46:10B-1 et seq. was to apply to mortgages executed prior to the effective date of the act. Indeed, the sponsor's statement strongly suggests that the 1968 legislation was to apply prospectively. The statement reads:
This bill is a companion bill to a bill concurrently introduced raising the contract interest rate from 6% to 8% per annum, and giving the Commissioner of Banking and Insurance, with the concurrence of a special advisory board, the power to control rates in excess of 6% per annum. The purpose of this bill is to prevent homeowners from being locked in with long term mortgages bearing interest in excess of 6% per annum. [Emphasis supplied]
At the time the prepayment bill was enacted an interest rate in excess of 6% was prohibited. N.J.S.A. 31:1-1. Since the stated purpose of the bill was to prevent homeowners from being locked in to long-term mortgages in excess of 6%, it would apply only to mortgages issued after the effective date of the amendments to N.J.S.A. 31:1-1, permitting higher interest rates. N.J.S.A. 46:10B-2 would not apply to mortgages preexisting the enactment since no such mortgage could legally bear interest in excess of 6%.
Thus, it is clear that as originally enacted N.J.S.A. 46:10B-2 was not to apply retrospectively. There is no legislative history on the amendment to N.J.S.A. 46: 10B-2. However, this amendment was also part of a legislative package which included a further amendment to N.J.S.A. 31:1-1 increasing the permissible interest rate from 8% to 9 1/2%. Thus, since the original act was to apply prospectively, it is fair to assume that the amendment was *169 also to apply prospectively. In conformance with the rule of construction favoring the prospective application of statutes, we hold that N.J.S.A. 46:10B-2, as amended, applies only to mortgages entered into after the effective date of the legislation.
In view of our disposition of the appeal, we do not pass upon the constitutional issues raised by appellant.
The judgment is reversed and judgment will be entered in favor of defendant. Plaintiffs' cross-appeal is dismissed.
NOTES
[1] N.J.S.A. 46:10B-5 provides as follows:

Any holder of a mortgage loan or agent acting on behalf of the holder of a mortgage loan who shall knowingly demand and receive prepayment fees, except as provided in this act, shall be liable to the mortgagor for the return of the whole amount of the prepayment fees so received, plus interest thereon from the date of such receipt at the rate of 6% per annum.