196 N.J. Super. 482 (1984)
483 A.2d 417
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, PLAINTIFF-RESPONDENT,
v.
MAYOR AND BOARD OF COUNCIL OF THE TOWN OF GUTTENBERG, AND THE RENT CONTROL BOARD OF THE TOWN OF GUTTENBERG, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted October 2, 1984.
Decided October 18, 1984.
*483 Before Judges ANTELL, J.H. COLEMAN and SIMPSON.
John Tomasin, attorney for defendants-appellants.
Greenbaum, Greenbaum, Rowe, Smith, Bergstein, Yohalem & Bruck, attorneys for plaintiff-respondent (Arthur M. Greenbaum *484 of counsel and on the brief and Nancy E. Brodey on the brief).
The opinion of the court was delivered by ANTELL, P.J.A.D.
This appeal involves plaintiff's right to a tax surcharge of its pre-conversion tenants in the Galaxy Towers, a condominium apartment building owned by plaintiff in the Town of Guttenberg. Plaintiff filed its master deed March 26, 1980 and a declaration of conversion was recorded January 26, 1981. Thereafter Guttenberg enacted a rent control ordinance to be administered by the Guttenberg Rent Control Board.
For the year 1981 the Galaxy was assessed for purposes of municipal real estate taxes in the amount of $20,000,000. In 1982, based upon the value of individual condominium units the building was reassessed at $58,369,600 and the total real estate tax rose from $1,208,000 to $3,285,624.70. Plaintiff proposed a tax surcharge upon the pre-conversion tenants to be effective as of December 1, 1982. After a public hearing on October 20, 1982 the Rent Control Board denied the application by letter decision dated December 1, 1982. Although the decision acknowledges that the surcharge was allowable under the rent control ordinance it concludes that it was barred by state legislation. The statute conceived to be applicable by the Rent Control Board is N.J.S.A. 2A:18-61.31 which expressly prohibits a rent control board from using increased costs resulting solely from condominium conversion as a basis for calculating a landlord's fair return. Its pertinent language states:
Increased costs which are solely the result of a conversion, including but not limited to any increase in financing or carrying costs, and which do not add services or amenities not previously provided shall not be used as a basis for an increase in a fair return or hardship hearing before a municipal rent board or on any appeal from such determination.
The foregoing statute became effective July 27, 1981, approximately six months after plaintiff filed its declaration of conversion.
*485 Plaintiff instituted this proceeding in lieu of prerogative writs on January 6, 1983 seeking judgment invalidating the Rent Control Board's denial of its application and directing that the tax surcharge be allowed. This appeal is taken by defendants Town of Guttenberg and its Rent Control Board from an order for summary judgment dated July 15, 1983 which decided, among other things, that the "tax surcharge proposed by the plaintiff was valid under the Rent Control Ordinance of Guttenberg," and that the statute in question "cannot operate retroactively to invalidate the originally valid tax surcharge."
The reasoning relied on by the Law Division in reaching its result was that the statute was not intended to be retroactive so as to apply to applications affecting buildings converted to condominium use before the effective date of the enactment. In our view, however, no question of retroactivity is presented.
A retroactive statute is one which "operates on transactions which have occurred, or rights and obligations which existed, before passage of the act." Weinstein v. Investors Savings and Loan Assn., 154 N.J. Super. 164, 167 (App.Div. 1977); 2 Sutherland, Statutory Construction § 41.01 at 245 (4th Ed. 1973). The focus of N.J.S.A. 2A:18-61.31 rests only on "[i]ncreased costs which are solely the result of a conversion." It neither operates on nor changes the legal consequences of condominium conversion itself. Thus, only the time when the increased costs are incurred is relevant to the retroactivity.[*] If they arose before the effective date of the statute its application thereto would be retroactive. If after, it would be prospective. Here the increased costs take the form of enhanced taxes for the year 1982, and since the effective date of the statute is July 27, 1981 its application thereto is clearly prospective and not retroactive.
*486 We do not agree with plaintiff that to read the statute as we do unfairly changes the rules in the middle of the game. Although at the time of conversion applicable law entitled landlords to a surcharge for resulting increased costs, they acquired no vested right in the status of the law as it then prevailed and no legal right to rely on the expectation that all the consequences of their legal status would remain forever unchanged. It is settled that even when retroactive application is involved legislation which impairs the value of property rights is a valid exercise of the police power where the "public interest to be promoted sufficiently outweighs in importance the private right which is impaired." Rothman v. Rothman, 65 N.J. 219, 225 (1974). We have no doubt that N.J.S.A. 2A:18-61.31, which protects apartment tenants, who had no voice in and derived no benefit from the decision to convert, against the expense of condominium conversion, B.H. Associates v. Brudner, 185 N.J. Super. 403, 409 (Dist.Ct. 1982), satisfies the aforementioned criterion.
In I.L.F.Y. v. Temporary State Housing Commission, 10 N.Y.2d 263, 176 N.E.2d 822, 219 N.Y.S.2d 249 (1961), App. dism. 369 U.S. 795, 82 S.Ct. 1155, 8 L.Ed.2d 285 (1962), the Court of Appeals of New York examined this issue on comparable facts. There the purchaser of a rent controlled apartment building applied for an adjustment of rents based on the recent sales price valuation. While the application was pending a statute was enacted which prohibited applications based on sales price valuations for six months from the date of sale and provided that adjustments, when granted, would not be effective until one year from the date of sale. In rejecting the purchaser's assertion "that its constitutional rights were infringed when the 1961 statute was made to apply in this respect to premises purchased at an earlier date," the Court stated that the purchaser "did not have in any particular rule an interest so vested as to entitle it to keep the rule unchanged. [Citations omitted]. In such situations the applicability and validity of statutes are determined as of the date we make our decision." 176 N.E.2d *487 at 826, 219 N.Y.S.2d at 254. The principle there recognized has also been applied in Stamboulos v. McKee, 134 N.J. Super. 567, 570-571 (App.Div. 1975); Troy Hills Village v. Fischler, 122 N.J. Super. 572, 580 (Law Div. 1971), aff'd 122 N.J. Super. 525 (App.Div. 1973); Magierowski v. Buckley, 39 N.J. Super. 534, 558 (App.Div. 1956).
The judgment under review is reversed and the determination of the Rent Control Board of the Town of Guttenberg is reinstated.
NOTES
[*] Where the legislature intended to limit the statute's applicability to conversions occurring after its effective date it did so in express terms. See N.J.S.A. 2A:18-61.11(d) and N.J.S.A. 2A:18-61.27. See also e.g. Pub. Serv. Elec. & Gas v. Dept. of Env. Prot., 193 N.J. Super. 676, 681-682 (App.Div. 1984).