**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1326-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOSE A. ROMERO-AGUIRRE,
a/k/a JOSE AGUIRRE, JOSE A.
AGUIRRE, JOSE A. ROMERO,
and JOSE A. ROMEROAGUIRRE,

    Defendant-Appellant.

_____

Submitted January 12, 2022 – Decided January 24, 2022

Before Judges Hoffman and Whipple.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 17-05-0388.

Joseph E. Krakora, Public Defender, attorney for appellant (Laura B. Lasota, Assistant Deputy Public Defender, of counsel and on the briefs).

William A. Daniel, Union County Prosecutor, attorney for respondent (Albert Cernadas, Jr., Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

This appeal presents one issue for our consideration: whether N.J.S.A. 2C:44-1(b)(14), which added a new mitigating factor for crimes committed by persons under the age of twenty-six, should receive retroactive application and require the resentencing of a defendant sentenced before the Legislature added this new mitigating factor. We hold that it does not. Accordingly, we affirm defendant's sentence, imposed in February 2019, before the October 2020 effective date for mitigating factor fourteen.

I.

On January 9, 2011, defendant Jose A. Romero-Aguirre shot and killed Andres Chach, while he sat in his car at a traffic light in Plainfield. Based on surveillance footage and information obtained from witnesses, law enforcement concluded that defendant was the shooter. Further investigation revealed defendant and Chach were rival gang members.

In May 2017, a Union County Grand Jury returned an indictment, charging defendant with first-degree murder, N.J.S.A. 2C:11-3a(1)(2); first-degree conspiracy to commit murder, N.J.S.A. 2C:5-2 and 2C:11-3a(1)(2); second-degree possession of a weapon, N.J.S.A. 2C:39-5(b); and second-degree possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4(a)(1).

A-1326-19

In September 2018, pursuant to a plea agreement, defendant pled guilty to an amended charge of aggravated manslaughter, N.J.S.A. 2C:11-4a. In exchange for defendant's plea, the State agreed to recommend a sixteen-year prison term with an eighty-five percent period of parole ineligibility, pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. In addition, the State agreed to recommend dismissal of all remaining charges.

In February 2019, the trial court sentenced defendant to sixteen years in prison subject to NERA, consistent with defendant's plea agreement. In determining the sentence, the court applied aggravating factors three (risk of re-offense); six (defendant's prior criminal record); and nine (need to deter). N.J.S.A. 2C:44-1a(3), (6), (9). The court found no mitigating factors.

On appeal, defendant focuses his arguments on the sentence he received in February 2019; defendant submits he is entitled to resentencing given the Legislature's amendment of N.J.S.A. 2C:44-1(b) to include youth as a mitigating factor to be applied to defendants under the age of twenty-six at the time of their crime. Defendant articulates his arguments as follows:

> POINT I
>
> THE LAW REQUIRING SENTENCING MITIGATION FOR YOUTHFUL DEFENDANTS DEMANDS RETROACTIVE APPLICATION BECAUSE THE LEGISLATURE INTENDED IT,

A-1326-19

THE NEW LAW IS AMELIORATIVE IN NATURE, THE SAVINGS STATUTE IS INAPPLICABLE, AND FUNDAMENTAL FAIRNESS REQUIRES RETROACTIVITY. (Not Raised Below)

A. The Legislature Intended Retroactive Application.

1. The Legislature Did Not Express a Clear Intent for Prospective Application.

2. The Other Language of the Statute Establishing the Mitigating Factor Indicates Retroactive Application; the Presumption of Prospective Application is Inapplicable; and the Law is Clearly Ameliorative.

3. There is No Manifest Injustice to the State in Applying the Mitigating Factor Retroactively.

B. The Savings Statute Does Not Preclude Retroactive Application Of Ameliorative Legislative Changes Like The One At Issue Here.

C. Retroactive Application Of The Mitigating Factor Is Required As A Matter Of Fundamental Fairness.

II.

On October 19, 2020, the Legislature revised the list of statutory aggravating and mitigating factors to include mitigating factor fourteen. L. 2020, c. 110, §1. Specifically, mitigating factor fourteen was added so that a court may "properly consider" the mitigating circumstance that "defendant was under 26 years of age at the time of the commission of the offense." N.J.S.A. 2C:44-1(b)(14).

4

Whether a newly enacted law should receive retroactive application is a "pure legal question of statutory interpretation" based on legislative intent. State v. J.V., 242 N.J. 432, 442 (2020) (quoting Johnson v. Roselle EZ Quick LLC, 226 N.J. 370, 386 (2016)). To determine legislative intent, we "look to the statute's language and give those terms their plain and ordinary meaning." Ibid. (citing DiProspero v. Penn, 183 N.J. 477, 492 (2005)). If the plain language clearly reflects legislative intent, then we apply the law in accordance with the terms' plain meaning. J.V., 242 N.J. at 442. However, if the language is ambiguous, we may "resort to 'extrinsic interpretive aids, including legislative history,' to determine the statute's meaning." Id. at 443 (quoting State v. S.B., 230 N.J. 62, 6 (2017)).

In the event the Legislature does not clearly express its intent to give a statute prospective application, we "must determine whether to apply the statute retroactively." Ibid. (quoting Twiss v. Dep't of Treasury, 142 N.J. 461, 467 (1991)). As applied to criminal laws, we presume the Legislature intended prospective application only. Ibid. Additionally, and consistent with the presumption that only prospective application applies, the savings statue "establishes a general prohibition against retroactive application of penal laws."

A-1326-19

State v. Chambers, 377 N.J. Super. 365, 367 (App. Div. 2005); see also N.J.S.A. 1:1-15.

To overcome the presumption of prospective application, we must find that the "Legislature clearly intended a retrospective application" through language "so clear, strong and imperative that no other meaning can be ascribed to them." J.V., 242 N.J. at 443-44 (quoting Weinstein v. Inv'rs Sav. & Loan Ass'n, 154 N.J. Super. 164, 167 (App. Div. 1977)). Furthermore, we apply a statute retroactively only where the Legislature intended to do so, and where "retroactive application of the statute will [not] result in either an unconstitutional interference with vested rights or a manifest injustice." Id. at 444 (citing James v. New Jersey Manufacturers Ins. Co., 216 N.J. 552, 583 (2014)).

Our Supreme Court recognizes three exceptions to the presumption of prospective application. J.V., 242 N.J. at 444. The first exception applies when "the Legislature provided for retroactivity expressly, either in the language of the statute itself or its legislative history, or implicitly, by requiring retroactive effect to 'make the statute workable or to give it the most sensible interpretation.'" Ibid. (quoting Gibbons v. Gibbons, 86 N.J. 515, 522-23 (1981)). The second exception applies when "the statute is ameliorative or

6

curative."  Ibid.  Finally, the third exception applies when "the parties' expectations warrant retroactive application."[1]  Ibid.

An ameliorative statute "refers only to criminal laws that effect a reduction in a criminal penalty."  Perry v. N.J. State Parole Bd., 459 N.J. Super. 186, 196 (App. Div. 2019) (quoting Street v. Universal Mar., 300 N.J. Super. 578, 582 (App. Div. 1997)).  To receive retroactive application, an ameliorative statute "must be aimed at mitigating a legislatively perceived undue severity in the existing criminal law."  State in the Interest of J.F., 446 N.J. Super. 39, 55 (App. Div. 2016) (quoting Kendall v. Snedeker, 219 N.J. Super. 283, 286 n.1 (App. Div. 1987)).

A curative change to a statute is limited to actions that "remedy a perceived imperfection in or misapplication of a statute."  Pisack, 240 N.J. at 371 (quoting James v. N.J. Mfrs. Ins. Co., 216 N.J. 552, 564 (2014)).  A curative change does not "alter the act in any substantial way, but merely clarifie[s] the legislative intent behind the [previous] act."  Ibid. (alterations in original) (quoting James, 216 N.J. at 564).

N.J.S.A. 2C:44-1(b)(14) is not curative because it did not remedy an imperfection; rather, it added a new mitigating factor based on concerns

---

[1] Defendant does not argue that exception three applies here.

A-1326-19

regarding youthful offenders.  See L. 2020, c. 110.   Although the new mitigating factor is ameliorative, the Legislature stated that the statute was to "take effect immediately," L. 2020, c. 110, thereby signaling that it was not to be given retroactive effect.  Moreover, in State v. Bellamy, 468 N.J. Super. 29, 45 (App. Div. 2021), despite finding that N.J.S.A. 2C:44-1(b) is ameliorative, we reasoned that where there is no independent basis to order a new sentencing hearing, mitigating factor fourteen does not apply retroactively.

Of note, analysis of the exceptions is unnecessary where the Legislature has expressly provided for prospective application.  J.V., 242 N.J. at 444-45. Indeed, where the Legislature has clearly conveyed its intention for prospective application of an amended statute, "we need not consider the exceptions to the presumption of prospective application of a new statute."  Id. at 445 (citing Gibbons, 86 N.J. at 522-23).

The plain language of N.J.S.A. 2C:44-1(b)(14) states, "[t]his act shall take effect immediately."   In recent decisions, our Supreme Court held that statutes with an immediate or future effective date signal the Legislature's intent to afford prospective application only.   In Pisack v. B & C Towing, Inc., the court held that the words "shall take effect immediately . . . 'bespeak an intent contrary to, and not supportive of, retroactive application.'"  240 N.J. 360, 371 (quoting

Cruz v. Cent. Jersey Landscaping, Inc., 195 N.J. 33, 48 (2008)).  In J.V., the Court reasoned that "[h]ad the Legislature intended an earlier date for the law to take effect, that intention could have been made plain in the very section directing when the law would become effective."  242 N.J. at 435 (quoting James, 216 N.J. at 586).

Furthermore, we addressed the language providing for an immediate effective date for mitigating factor fourteen in Bellamy, where we reasoned that "shall take effect immediately" "clearly express[es legislative] intent to give [the] statute prospective application."  See 468 N.J. Super. at 45 (quoting J.V., 242 N.J. at 443).

Here, the Legislature conveyed its intention for prospective application, and therefore we "need not consider the exceptions to the presumption of prospective application of a new statute."  J.V., 242 N.J. at 444-45.  The language "shall take effect immediately" has been construed to mean that the statute be applied prospectively.  See Pisack, 240 N.J. at 371; see also J.V., 242 N.J. at 435; see also Bellamy, N.J. Super. at 45.  Therefore, despite defendant's contention otherwise, mitigating factor fourteen should only be applied prospectively under the present circumstances.

A-1326-19

Moreover, although the new mitigating factor is ameliorative, defendant is not seeking resentencing for "a reason unrelated to the adoption of the statute." Thus, notwithstanding the amendment's ameliorative nature, we discern no basis to apply mitigating factor fourteen retroactively under the circumstances.

Additionally, defendant contends that the savings statute does not preclude retroactive application of ameliorative legislative changes, and that mitigating factor fourteen should be applied retroactively in the present matter. This argument likewise fails. The savings statute, codified by N.J.S.A. 1:1-15, prohibits retroactive application of a statutory amendment unless the amendment expressly declares that it be applied retroactively. Here, that is not the case.

Lastly, defendant argues that "fundamental fairness requires retroactive application of the youth mitigating factor in this case." He maintains that N.J.S.A. 2C:44-1(b)(14) was signed into law based on decades worth of scientific data regarding juvenile cognitive development. According to defendant, "to deny [him] the benefit of these new scientific advancements would be fundamentally unfair."

Despite such changes to youth justice reform, defendant's final argument does not negate the fact that the plain language of N.J.S.A. 2C:44-1(b)(14)

10

signals that the Legislature intended for the law to receive prospective – not retroactive – application. Therefore, notwithstanding the amendment's ameliorative nature, we conclude the amendment does not apply retroactively where a defendant is not being resentenced for a reason unrelated to the adoption of mitigating factor fourteen.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1326-19