SYLLABUS

*This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court and may not summarize all portions of the opinion.*

## State v. Rahee Lane (A-17-21) (085726)

**Argued February 1, 2022 -- Decided June 16, 2022 -- Revised June 21, 2022**

**PATTERSON, J., writing for the Court.**

In 2020, the Legislature amended N.J.S.A. 2C:44-1 to add a new mitigating factor fourteen: "[t]he defendant was under 26 years of age at the time of the commission of the offense." N.J.S.A. 2C:44-1(b)(14). It provided that "[t]his new act shall take effect immediately." L. 2020, c. 110, § 2. In this appeal, the Court considers defendant Rahee Lane's argument that the new mitigating factor should be applied to defendants who were under twenty-six years old at the time of their offenses, if their direct appeals were pending when the statute was amended.

At age nineteen, defendant was arrested following a March 2015 home invasion. After rejecting the State's original plea offer, defendant pled guilty to certain offenses in accordance with a negotiated plea agreement. Defendant was sentenced in December 2017. At the sentencing hearing, defense counsel told the court that defendant "was a young man when this offense took place." He urged the court to consider defendant's age, learning disabilities, and remorse when imposing sentence. The State argued for the recommended sixteen-year term of imprisonment, relying on the gravity of defendant's offenses and on defendant's juvenile adjudications for robbery and his violations of parole.

The sentencing judge found three aggravating factors and one mitigating factor; he concluded the aggravating factors outweighed any mitigating factors that applied. Nonetheless, citing evidence that defendant "did not have a full grasp" of the State's proofs when he rejected the State's initial plea offer, the judge imposed a term of incarceration two years shorter than the term contemplated by defendant's plea agreement.

Defendant appealed his sentence. In October 2020, while defendant's appeal was pending before the Appellate Division but before oral argument on that appeal, the Legislature amended N.J.S.A. 2C:44-1(b) to include mitigating factor fourteen. The Appellate Division affirmed defendant's sentence, concluding that the new mitigating factor could be considered only in sentences imposed after the effective date of the amendment. The Court granted certification. 248 N.J. 534 (2021).

1

**HELD:** The Court construes N.J.S.A. 2C:44-1(b)(14) to be prospective, finding in the statutory language no indication that mitigating factor fourteen applies to defendants sentenced prior to the provision's effective date. The Court views N.J.S.A. 2C:44-1(b)(14)'s legislative history to confirm the Legislature's intent to authorize sentencing courts to consider the new mitigating factor in imposing a sentence on or after the date of the amendment.

1. In November 2019, the New Jersey Criminal Sentencing and Disposition Commission (CSDC) proposed nine sentencing reforms. Its first three recommendations pertained to mandatory minimum sentences, and its fourth recommendation urged the Legislature to ensure the retroactive application of statutes incorporating its first, second and third recommendations. In its fifth recommendation, the CSDC suggested "that the Legislature create a new mitigating factor that allows judges to consider a defendant's youthfulness at the time of the offense," and it proposed, as the new mitigating factor, that "[t]he defendant was under 26 years of age at the time of the commission of the offense." In contrast to its approach in its first three recommendations for sentencing reform, the CSDC did not recommend that the amendment codifying the new mitigating factor apply retroactively to defendants sentenced before the new law's effective date. The Legislature expressly based N.J.S.A. 2C:44-1(b)(14) on the CSDC's fifth recommendation, and the language adopted by the Legislature in that statute precisely tracked the CSDC's proposed language in its fifth recommendation. The Legislature neither mandated retroactive application of the new mitigating factor, nor created a procedure to apply that mitigating factor to defendants sentenced prior to the date of the amendment. L. 2020, c. 110. Instead, it stated that the new amendment "shall take effect immediately." Ibid. (pp. 9-11)

2. Against that backdrop, the Court considers whether the Legislature intended N.J.S.A. 2C:44-1(b)(14) to apply prospectively. When the Legislature enacts a criminal statute, the new law is presumed to have solely prospective application. The presumption is overcome only if the Legislature clearly intended a retrospective application of the statute through its use of words so clear, strong, and imperative that no meaning can be ascribed to them other than to apply the statute retroactively. The Court has identified well-settled rules concerning the circumstances in which statutes should be applied retroactively, where there is no clear expression of intent by the Legislature that the statute is to be prospectively applied. First, there are statutes in which the Legislature has expressed its intent that the statute be applied retroactively. Second, ameliorative or curative statutes may be given retroactive application. Third, in the absence of a clear expression of legislative intent that the statute is to be applied prospectively, such considerations as the expectations of the parties may warrant retroactive application of a statute. However, courts look to those exceptions only in instances where there is no clear expression of intent by the Legislature that the statute is to be prospectively applied only. (pp. 12-14)

2

3.  Here, the statute is devoid of the slightest hint that the Legislature intended mitigating factor fourteen to apply retroactively.  Indeed, the Court has repeatedly construed language stating that a provision is to be effective immediately, or effective immediately on a given date, to signal prospective application.  The Legislature's use of the language "take effect immediately" when it adopted N.J.S.A. 2C:44-1(b)(14) thus connotes prospective application.  The legislative history confirms the Legislature's intent that mitigating factor fourteen apply prospectively only.  The Legislature made clear that when it amended N.J.S.A. 2C:44-1(b) to add the new mitigating factor, it adopted the CSDC's fifth recommendation in its 2019 Annual Report.  And although the CSDC urged the Governor and Legislature to apply three of its sentencing proposals retroactively to previously sentenced defendants, it did not mention retroactive application in the recommendation that led to N.J.S.A. 2C:44-1(b)(14).  The amendment's language and history bespeak a legislative intent to apply the statute prospectively to defendants sentenced on or after its effective date of October 19, 2020.  (pp. 14-17)

**AFFIRMED.**

**JUSTICE ALBIN** agrees that the law adding mitigating factor fourteen expresses a prospective application but takes a different view of what prospective application means.  Stressing the new law's ameliorative nature, Justice Albin writes that, in those cases where the defendants' sentencing appeals were pending when the new law took "effect," prospective application does not and should not foreclose the Appellate Division from reviewing whether, in a particular case, the failure of a trial judge to consider a defendant's youth as a mitigating factor resulted in a clearly excessive sentence.  Justice Albin therefore dissents from the majority's holding that deprives appellate courts from prospectively applying the new law in cases where the failure to take youth into account results in a clearly excessive sentence.  Based on the seriousness of defendant Lane's crimes and the sentencing court's thoughtful consideration of the applicable mitigating factors, Justice Albin concurs in the majority's judgment to deny the relief defendant seeks.

**CHIEF JUSTICE RABNER; JUSTICES SOLOMON and PIERRE-LOUIS; and JUDGE FUENTES (temporarily assigned) join in JUSTICE PATTERSON's opinion.  JUSTICE ALBIN filed a separate opinion, dissenting in part and concurring in the judgment.**

SUPREME COURT OF NEW JERSEY

A-17 September Term 2021

085726

State of New Jersey,

Plaintiff-Respondent,

v.

Rahee Lane,

Defendant-Appellant.

On certification to the Superior Court,
Appellate Division.

| Argued | Decided | Revised |
|---|---|---|
| February 1, 2022 | June 16, 2022 | June 21, 2022 |

Robert Carter Pierce argued the cause for appellant
(Robert Carter Pierce, on the briefs).

Caroline C. Galda, Special Deputy Attorney
General/Acting Assistant Prosecutor, argued the cause for
respondent (Theodore N. Stephens, II, Acting Essex
County Prosecutor, attorney; Caroline C. Galda, of
counsel and on the briefs).

Jennifer E. Kmieciak, Deputy Attorney General, argued
the cause for amicus curiae Attorney General of New
Jersey (Andrew J. Bruck, Acting Attorney General,
attorney; Jennifer E. Kmieciak, of counsel and on the
brief).

Peter T. Blum, Assistant Deputy Public Defender, argued
the cause for amicus curiae Public Defender of New

Jersey (Joseph E. Krakora, Public Defender, attorney; Peter T. Blum, of counsel and on the brief).

J. John Kim argued the cause for amicus curiae Association of Criminal Defense Lawyers of New Jersey (Pashman Stein Walder Hayden, attorneys; J. John Kim, of counsel and on the brief).

---

JUSTICE PATTERSON delivered the opinion of the Court.

---

Under the Code of Criminal Justice, trial courts weigh aggravating and mitigating factors "[i]n determining the appropriate sentence to be imposed on a person who has been convicted of an offense." N.J.S.A. 2C:44-1(a), (b). The Legislature enumerated the aggravating factors that the sentencing court "shall consider" in N.J.S.A. 2C:44-1(a), and the mitigating factors that the court "may properly consider" in N.J.S.A. 2C:44-1(b).

In 2020, the Legislature amended N.J.S.A. 2C:44-1 to add a new mitigating factor fourteen: "[t]he defendant was under 26 years of age at the time of the commission of the offense." N.J.S.A. 2C:44-1(b)(14). It provided that "[t]his new act shall take effect immediately." L. 2020, c. 110, § 2.

Defendant Rahee Lane, sentenced to a term of incarceration before the Legislature enacted N.J.S.A. 2C:44-1(b), argues that the Court should afford the amendment "pipeline retroactivity" and apply it to defendants who were under twenty-six years old at the time of their offenses, if their direct appeals

2

were pending when the statute was amended. He urges the Court to remand this matter for a resentencing in which the sentencing judge could consider mitigating factor fourteen.

The Appellate Division rejected that argument. The appellate court held that the Legislature intended the amendment to N.J.S.A. 2C:44-1(b) to be prospective only and that sentencing courts may apply mitigating factor fourteen only to defendants sentenced after the amendment's effective date.

We construe N.J.S.A. 2C:44-1(b)(14) to be prospective. We find in the statutory language no indication that mitigating factor fourteen applies to defendants sentenced prior to the provision's effective date. See L. 2020, c. 110. We view N.J.S.A. 2C:44-1(b)(14)'s legislative history to confirm the Legislature's intent to authorize sentencing courts to consider the new mitigating factor in imposing a sentence on or after the date of the amendment. See S. Judiciary Comm. Statement to A. 4373 1 (L. 2020, c. 110).

Accordingly, we affirm the Appellate Division's judgment.

I.

A.

Defendant, then nineteen years of age, was arrested following a March 18, 2015 home invasion robbery in Irvington in which two men broke into an

3

apartment and threatened two adult victims and their nine-year-old child with handguns. A grand jury indicted defendant for twenty offenses arising from the incident.

Defendant rejected the State's initial plea offer, in which the State offered to recommend a fourteen-year aggregate prison sentence in exchange for defendant's guilty plea to certain offenses. The State and defendant then negotiated a plea agreement under which defendant agreed to plead guilty to two counts of first-degree robbery, one count of first-degree kidnapping, and one count of second-degree unlawful possession of a weapon, and the State agreed to recommend a sentence of sixteen years' imprisonment subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. On April 21, 2017, defendant pled guilty to those offenses in accordance with his plea agreement.

Defendant was sentenced on December 14, 2017. At the sentencing hearing, defense counsel told the court that defendant "was a young man when this offense took place." He urged the court to consider defendant's age, learning disabilities, and remorse when imposing sentence. The State, arguing for the recommended sixteen-year term of imprisonment, relied on the gravity of defendant's offenses, noting that the three victims were "still traumatized by the whole incident." The State also invoked defendant's juvenile adjudications for robbery and his violations of parole.

The sentencing judge found aggravating factor three, "[t]he risk that the defendant will commit another offense;" aggravating factor six, "[t]he extent of the defendant's prior criminal record and the seriousness of the offenses of which the defendant has been convicted;" and aggravating factor nine, "[t]he need for deterring the defendant and others from violating the law." N.J.S.A. 2C:44-1(a)(3), (6), (9). The court placed "heavy weight" on the three aggravating factors. Citing an evaluation of defendant's intellectual capacity, the sentencing judge applied mitigating factor four, "[t]here were substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense." N.J.S.A. 2C:44-1(b)(4).[1] The judge afforded moderate weight to that mitigating factor.

The sentencing judge found that the aggravating factors outweighed any mitigating factors that applied. Nonetheless, citing evidence that defendant "did not have a full grasp" of the State's proofs when he rejected the State's initial fourteen-year plea offer, the judge sentenced defendant to an aggregate fourteen-year prison sentence subject to NERA. The sentencing court thus

---

[1] According to the transcript of defendant's sentencing, the sentencing court stated, "[i]n this case there are mitigating factors which your attorney has asked us to consider and I find mitigating factors under Subsection 14 of 44-1b. That is a catchall for other reasons." As N.J.S.A. 2C:44-1(b)(14) had not been enacted when defendant was sentenced, it appears that the reference to "Subsection 14" was an error, and that the judge applied mitigating factor four, N.J.S.A. 2C:44-1(b)(4).

5

imposed a term of incarceration two years shorter than the term contemplated by defendant's plea agreement.

## B.

Defendant appealed his sentence. On October 19, 2020, while defendant's appeal was pending before the Appellate Division but before oral argument on that appeal, the Legislature amended N.J.S.A. 2C:44-1(b) to include mitigating factor fourteen.

On March 23, 2021, the Appellate Division held oral argument on defendant's appeal. Defendant argued that the appellate court should afford pipeline retroactivity to N.J.S.A. 2C:44-1(b)(14). He asked the Appellate Division to remand the matter to the sentencing court for a resentencing in which the court would consider mitigating factor fourteen.

The Appellate Division declined to remand this matter to the sentencing court. The court viewed the Legislature's statement that the new mitigating factor would "take effect immediately" to authorize sentencing judges to consider the mitigating factor only in sentences imposed after the effective date of the amendment. It affirmed the sentencing court's judgment.

## C.

We granted defendant's petition for certification, in which defendant raised only the issue of whether the October 19, 2020 amendment to N.J.S.A.

2C:44-1(b) should be afforded pipeline retroactivity. 248 N.J. 534 (2021). We also granted the applications of the Office of the Public Defender, the Association of Criminal Defense Lawyers of New Jersey, and the Attorney General to participate as amici curiae.

## II.

### A.

Defendant argues that N.J.S.A. 2C:44-1(b)(14) should be afforded pipeline retroactivity. He asserts that mitigating factor fourteen should apply to any defendant under twenty-six years of age at the time of his offense if the defendant was sentenced before the amendment and his direct appeal was pending on the amendment's effective date. Defendant acknowledges the presumption that new criminal statutes are intended to apply prospectively but contends that the exception to that presumption for ameliorative laws governs this appeal. He asserts that the Savings Statute, N.J.S.A. 1:1-15, is irrelevant to the retroactivity issue presented in this appeal.

### B.

The State asserts that N.J.S.A. 2C:44-1(b)(14)'s plain language and legislative history reflect the Legislature's intent that the new mitigating factor apply prospectively. It argues that the presumption that new criminal laws

7

apply prospectively is unrebutted in this appeal, and that the Savings Statute, N.J.S.A. 1:1-15, precludes retroactive application of N.J.S.A. 2C:44-1(b)(14).

C.

Amicus curiae the Office of the Public Defender contends that N.J.S.A. 2C:44-1(b)(14) is ameliorative and that the Legislature intended that it apply retroactively if reasonably possible. It states that retroactive application of the new mitigating factor would apply to a limited number of defendants and would have a minimal effect on the administration of justice.

D.

Amicus curiae the Association of Criminal Defense Lawyers of New Jersey also argues that N.J.S.A. 2C:44-1(b)(14) is ameliorative and is, therefore, within an exception to the presumption of prospective application.

E.

Amicus curiae the Attorney General asserts that the Legislature chose the language "take effect immediately" to express its intent that N.J.S.A. 2C:44-1(b)(14) apply only to sentences imposed after the statute's enactment. The Attorney General views N.J.S.A. 2C:44-1(b)(14)'s legislative history to support prospective application of mitigating factor fourteen.

8

III.

A.

In November 2019, the New Jersey Criminal Sentencing and Disposition Commission (CSDC) submitted its first Annual Report to the Governor and Legislature, as required by N.J.S.A. 2C:48A-4.[2] See N.J. Crim. Sent'g & Disposition Comm'n, Annual Report (Nov. 2019). In that report, the CSDC proposed nine sentencing reforms. Id. at 21-35.

The CSDC's first recommendation was to "eliminate mandatory minimum sentences for non-violent drug crimes." Id. at 21-23. Its second recommendation was to "eliminate mandatory minimum sentences for non-violent property crimes." Id. at 23. The CSDC's third recommendation was to "reduce the mandatory minimum sentence for . . . second degree robbery and second degree burglary." Id. at 23-24. In its fourth recommendation, the CSDC urged the Legislature to ensure the retroactive application of statutes incorporating its first, second and third recommendations. Id. at 24. It proposed that the Legislature not only codify its recommendations for future

---

[2] The CSDC was created to analyze New Jersey's sentencing laws and recommend sentencing reforms "with the goal of providing a rational, just and proportionate sentencing scheme that achieves to the greatest extent possible public safety, offender accountability, crime reduction and prevention, and offender rehabilitation while promoting the efficient use of the State's resources." N.J.S.A. 2C:48A-2(a).

9

sentencing proceedings, but that it adopt "a mechanism to ensure that [the proposed reforms] apply retroactively to inmates currently incarcerated." Id. at 24-25.

In its fifth recommendation, the CSDC suggested "that the Legislature create a new mitigating factor that allows judges to consider a defendant's youthfulness at the time of the offense," and it proposed, as the new mitigating factor, that "[t]he defendant was under 26 years of age at the time of the commission of the offense." Id. at 26. In contrast to its approach in its first three recommendations for sentencing reform, the CSDC did not recommend that the amendment codifying the new mitigating factor apply retroactively to defendants sentenced before the new law's effective date. Ibid.

The Legislature expressly based N.J.S.A. 2C:44-1(b)(14) on the CSDC's fifth recommendation. As the Senate Judiciary Committee Statement explained,

> This bill would provide for the consideration of youth as a mitigating factor in criminal sentencing, based on Recommendation 5 contained in the first annual report of the New Jersey Criminal Sentencing and Disposition Commission (the CSDC), created by P.L.2009, c.81 (C.2C:48A-1 et seq.) but delayed in being constituted and actively reviewing the State's sentencing laws. The bill would provide a court with the authority to consider as a mitigating factor that the defendant was under 26 years of age at the time the defendant committed the offense when determining the appropriate sentence to

10

be imposed. This would broaden the court's consideration of age as a mitigating factor for determining sentences, as current law only permits as a mitigating factor directly related to age whether a 'youthful defendant was substantially influenced' by a more mature person.

[S. Judiciary Comm. Statement to A. 4373 1 (L. 2020, c. 110); accord A. L. & Pub. Safety Comm. Statement to A. 4373 1 (L. 2020, c. 110).]

On October 19, 2020, the Legislature amended N.J.S.A. 2C:44-1 to add mitigating factor fourteen. L. 2020, c. 110. The statutory language adopted by the Legislature in N.J.S.A. 2C:44-1(b)(14) precisely tracked the CSDC's proposed language in its fifth recommendation. With the addition of mitigating factor fourteen, N.J.S.A. 2C:44-1(b) now provides that a sentencing judge "may properly consider" that "[t]he defendant was under 26 years of age at the time of the commission of the offense." The Legislature neither mandated retroactive application of the new mitigating factor, nor created a procedure to apply that mitigating factor to defendants sentenced prior to the date of the amendment. L. 2020, c. 110. Instead, it stated that the new amendment "shall take effect immediately." Ibid.

11

B.

1.

Against that backdrop, we consider whether the Appellate Division properly concluded that the Legislature intended N.J.S.A. 2C:44-1(b)(14) to apply prospectively. We review the Appellate Division's determination de novo, affording no deference to the court's legal conclusion on the question of retroactivity. See State v. J.V., 242 N.J. 432, 442 (2020).

In our inquiry, we follow familiar principles of statutory construction. Our goal in interpreting a statute "is to determine as best we can the intent of the Legislature, and to give effect to that intent." State v. Robinson, 217 N.J. 594, 604 (2014) (quoting State v. Hudson, 209 N.J. 513, 529 (2012)). It is well settled that in general, the "best indicator of that intent is the statutory language." DiProspero v. Penn, 183 N.J. 477, 492 (2005); accord State v. Gandhi, 201 N.J. 161, 176 (2010). Thus, if the statutory terms, given their plain and ordinary meaning, "are clear and unambiguous, then the interpretive process ends, and 'we apply the law as written.'" J.V., 242 N.J. at 443 (quoting Murray v. Plainfield Rescue Squad, 210 N.J. 581, 592 (2012)).

Our courts "have long followed a general rule of statutory construction that favors prospective application of statutes." Gibbons v. Gibbons, 86 N.J. 515, 521 (1981); see also In re Registrant J.D.-F., 248 N.J. 11, 22 (2021)

12

(stating the general rule that courts "enforce newly enacted substantive statutes prospectively, unless [the Legislature] clearly expresses a contrary intent" (alteration in original)); James v. N.J. Mfrs. Ins. Co., 216 N.J. 552, 563 (2014) ("Settled rules of statutory construction favor prospective rather than retroactive application of new legislation."). Therefore, when the Legislature enacts a criminal statute, the new law is "presumed to have solely prospective application." J.V., 242 N.J. at 443; see also State v. Parolin, 171 N.J. 223, 233 (2002) (noting "the presumption that criminal legislation is to have prospective effect"). The presumption is overcome only if we "find the 'Legislature clearly intended a retrospective application' of the statute through its use of words 'so clear, strong, and imperative that no . . . meaning can be ascribed to them' other than to apply the statute retroactively." J.V., 242 N.J. at 443-44 (quoting Weinstein v. Invs. Sav. & Loan Ass'n, 154 N.J. Super. 164, 167 (App. Div. 1977)).

This Court has identified "well-settled rules concerning the circumstances in which statutes should be applied retroactively, where there is no clear expression of intent by the Legislature that the statute is to be prospectively applied." Gibbons, 86 N.J. at 522. "First, there are those statutes in which the Legislature has expressed the contrary intent; i.e., that the statute be applied retroactively," which "may be either express, that is, stated

13

in the language of the statute or in the pertinent legislative history, or implied, that is, retroactive application may be necessary to make the statute workable or to give it the most sensible interpretation." Ibid. (citation omitted); accord J.V., 242 N.J. at 444; In re J.D.-F, 248 N.J. at 22. Second, a "category of cases in which . . . statutes may be given retroactive application is that in which the statute is ameliorative or curative." Gibbons, 86 N.J. at 523; accord J.V., 242 N.J. at 444; NL Indus., Inc. v. State, 228 N.J. 280, 295 (2017). Third, "in the absence of a clear expression of legislative intent that the statute is to be applied prospectively, such considerations as the expectations of the parties may warrant retroactive application of a statute." Gibbons, 86 N.J. at 523; accord J.V., 242 N.J. at 444; Johnson v. Roselle EZ Quick LLC, 226 N.J. 370, 388-89 (2016). However, "we look to those exceptions only in instances 'where there is no clear expression of intent by the Legislature that the statute is to be prospectively applied only.'" J.V., 242 N.J. at 444 (quoting Gibbons, 86 N.J. at 522).

2.

We apply those settled principles to the statutory amendment at issue in this appeal.

First, we consider the language of the amendment. The statute is devoid of the slightest hint that the Legislature intended mitigating factor fourteen to

14

apply retroactively. See L. 2020, c. 110. Indeed, we have repeatedly construed language stating that a provision is to be effective immediately, or effective immediately on a given date, to signal prospective application. In Pisack v. B & C Towing, Inc., we viewed the Legislature's statement that a statutory amendment "shall take effect immediately" to "'bespeak an intent contrary to, and not supportive of, retroactive application.'" 240 N.J. 360, 371 (2020) (quoting Cruz v. Cent. Jersey Landscaping, Inc., 195 N.J. 33, 48 (2008)). In In re Registrant G.H., we affirmed an Appellate Division decision construing N.J.S.A. 2C:7-2(g), a provision of Megan's Law, to be prospective after finding "no statement of legislative intent, express or implied, that [the amendment] should be applied retroactively." 240 N.J. 113, 113-14 (2019), aff'g 455 N.J. Super. 515, 521 (App. Div. 2018) ("[T]he Legislature did not explicitly provide that subsection (g) applied retroactively, i.e., to those convicted of sex offenses prior to 2002," but "[i]nstead . . . provided subsection (g) would be 'effect[ive] immediately.'" (second alteration in original) (quoting L. 2002, c. 392, § 2)). And in Parolin, holding that amendments to the NERA should be prospective, we observed that "[c]onsistent with the presumption that criminal legislation is to have prospective effect, the Legislature stated that the amendments would take effect immediately." 171 N.J. at 233 (citations omitted).

15

The Legislature's use of the language "take effect immediately" when it adopted N.J.S.A. 2C:44-1(b)(14) thus connotes prospective application. See L. 2020, c. 110. We find no suggestion in N.J.S.A. 2C:44-1(b)(14) -- let alone the clear, strong and imperative declaration that our law demands for the presumption of prospective effect to be overcome -- that the Legislature intended otherwise.

The legislative history confirms the Legislature's intent that mitigating factor fourteen apply prospectively only. The Legislature made clear that when it amended N.J.S.A. 2C:44-1(b) to add the new mitigating factor, it adopted the CSDC's fifth recommendation in its 2019 Annual Report. S. Judiciary Comm. Statement to A. 4373 1 (L. 2020, c. 110); accord A. L. & Pub. Safety Comm. Statement to A. 4373 1 (L. 2020, c. 110). As noted, although the CSDC urged the Governor and Legislature to apply three of its sentencing proposals retroactively to previously sentenced defendants, it did not mention retroactive application in the recommendation that led to N.J.S.A. 2C:44-1(b)(14). Annual Report at 21-26. The Legislature included the CSDC's recommended language unaltered. See L. 2020, c. 110.

In short, nothing in N.J.S.A. 2C:44-1(b)(14)'s statutory text warrants a determination that the presumption of prospective application is overcome. To the contrary, the amendment's language and legislative history bespeak a

16

legislative intent to apply the statute prospectively to defendants sentenced on or after its effective date of October 19, 2020.[3]  Accordingly, we do not consider defendant's argument that the amendment should be retroactive because it is an ameliorative statute, or the parties' contentions based on the Savings Statute.  See J.V., 242 N.J. at 445-46.

IV.

The judgment of the Appellate Division is affirmed.


CHIEF JUSTICE RABNER; JUSTICES SOLOMON and PIERRE-LOUIS; and JUDGE FUENTES (temporarily assigned) join in JUSTICE PATTERSON's opinion.  JUSTICE ALBIN filed a separate opinion, dissenting in part and concurring in the judgment.

---

[3]  We view N.J.S.A. 2C:44-1(b)(14) to apply not only to defendants sentenced for the first time on or after October 19, 2020, but also to defendants resentenced on or after that date for reasons unrelated to mitigating factor fourteen.  Cf. State v. Rivera, 249 N.J. 285, 303-04 (2021) (noting that the new factor could be applied in "all sentencing proceedings on or after October 19, 2020" in remanding for resentencing); State v. Bellamy, 468 N.J. Super. 29, 44 (App. Div. 2021) (holding that the application of N.J.S.A. 2C:44-1(b)(14) to a defendant resentenced after the amendment's effective date for reasons unrelated to the adoption of mitigating factor fourteen constituted prospective application of the amendment).

17

State of New Jersey,

Plaintiff-Respondent,

v.

Rahee Lane,

Defendant-Appellant.

JUSTICE ALBIN, dissenting in part and concurring in the judgment.

Before imposing sentence on a defendant, the trial judge must identify any applicable aggravating and mitigating factors set forth in N.J.S.A. 2C:44-1 and then weigh those factors in fashioning a fair sentence. Social science studies have long recognized that persons under the age of twenty-six may not have reached a full level of mental and emotional maturity -- thus making them more susceptible to act impulsively, rashly, and without consideration of long-term consequences. See Laurence Steinberg, A Social Neuroscience Perspective on Adolescent Risk-Taking, 28 Dev. Rev. 78 (2008); see also Roper v. Simmons, 543 U.S. 551, 574 (2005) ("The qualities that distinguish juveniles from adults do not disappear when an individual turns 18."); United States v. C.R., 792 F. Supp. 2d 343, 498-506 (E.D.N.Y. 2011) (explaining that social and psychological science support the conclusion that the immature behaviors associated with youth "continue to apply to individuals into their

1

twenties, even mid-twenties or beyond" (quotation omitted)), rev'd on other grounds, United States v. Reingold, 731 F.3d 204 (2d Cir. 2013). Nevertheless, youth has not been a mitigating sentencing factor until recently.

On October 19, 2020, the Legislature filled that void and passed L. 2020, c. 110. § 1, which adds youth as a mitigating factor for sentencing purposes. N.J.S.A. 2C:44-1(b)(14) now provides that the trial judge may consider that "[t]he defendant was under 26 years of age at the time of the commission of the offense" in setting the appropriate sentence. The Legislature decreed that the new law "shall take effect immediately." L. 2020, c. 110, § 2.

Defendant, who was nineteen years old at the time he committed his offenses, already had been sentenced when the new law took "effect," but the appeal of his sentence had yet to be heard. The new law is unquestionably ameliorative in nature because it allows trial judges to weigh youth and its accompanying immaturity in setting a just sentence. I agree with the majority that the new law's language expresses a prospective application. But what does prospective application mean?

By the terms of its plain language, the new law applies forward and not backward. Trial judges who have already sentenced defendants are not expected to give retroactive application to the new law and conduct fresh sentencing hearings. The automatic retroactive approach would require

2

countless new sentencing hearings in cases where courts had already taken youth into account or where youth as a mitigating factor would not alter the original sentence.

However, in those cases where the defendants' sentencing appeals were pending when the new law took "effect," prospective application does not and should not foreclose the Appellate Division from considering whether, in a particular case, the failure of a trial judge to consider a defendant's youth as a mitigating factor resulted in a clearly excessive sentence. Applying the law forwardly -- prospectively -- as the Legislature intended, would allow the Appellate Division to provide a remedy in those cases, perhaps few in number, in which clearly excessive sentences were imposed. In those cases, the appellate court should have the authority to remand for a new sentencing hearing.

That approach is consistent with the new law's plain language, its legislative history, and its ameliorative nature. To the extent that two reasonable interpretations can be ascribed to the term "effective immediately," the interpretation that best fulfills the ameliorative purposes of the legislation should take precedence. Cf. Application of Smigelski, 30 N.J. 513, 527 (1959). Did the Legislature intend for the Appellate Division, reviewing a sentence after the new law went into effect, to close its eyes to a clearly

3

excessive sentence because the trial judge did not take the defendant's youth into account?  Nothing in the language of the new law suggests the Legislature intended such an outcome.

It is widely recognized that defendants should be given the benefit of ameliorative statutory amendments until their convictions and sentences are finalized after appeal.  See, e.g., People v. Thomas, 525 P.2d 1136, 1138 (Colo. 1974) ("The view that amendatory legislation mitigating the penalties for crimes should be applied to any case which has not received final judgment finds substantial support in the common law."); State v. Pardon, 157 S.E.2d 698, 702 (N.C. 1967) ("When . . . the law under which a defendant was convicted is amended pending appeal so as to mitigate the punishment, it is logical to assume that the legislature intended the new punishment, which it now feels fits the crime, to apply whenever possible.").

Here, on the effective date of the new law, which added youth as a mitigating factor, defendant's sentencing appeal was pending.  Allowing an appellate court to consider youth as a sentencing factor is not a retroactive but a prospective application of the law.  The Appellate Division should have the authority to do precisely what the Legislature intended:  to consider youth as a mitigating factor in cases directly before it when the new law went into effect.  Cf. Kruvant v. Mayor & Council of Cedar Grove, 82 N.J. 435, 440 (1980) ("It

4

is a well-established principle that an appellate court on direct review will apply the statute in effect at the time of its decision . . . ."); United States v. Schooner Peggy, 5 U.S. (1 Cranch) 103, 110 (1801) ("[I]f subsequent to the judgment and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied.").

Even the majority agrees that the new law would apply to those defendants resentenced after a successful appeal of their convictions or sentences on other grounds. Ante, ___ N.J. at ___ n.3 (slip op. at 17 n.3). Those defendants who, on appeal, can establish that their sentences were clearly excessive because the trial judge did not take youth into account should not be deprived of the same opportunity to benefit from the new mitigating factor.

The defendant in this case committed very serious crimes. The sentencing court gave thoughtful consideration to the applicable mitigating factors, including -- it appears -- defendant's youth. I cannot conclude that, even if the new mitigating factor were taken into consideration at a new sentencing hearing, a different sentence would result.

Accordingly, I concur in the majority's judgment to deny defendant Lane the relief he seeks. I dissent, however, from the majority's holding that

deprives our appellate courts from prospectively applying the new law in cases where the failure to take youth into account results in a clearly excessive sentence.